UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NOLAN NILSEN, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 21-11738 |
| v. | ) | |
| | ) | COMPLAINT |
| EASTERN FISH COMPANY as owners of the | ) | |
| F/V TRADITION, | ) | |
|     Defendant. | ) | |

**THE PARTIES**

1. The plaintiff, Nolan Nilsen, is an individual who resides in Dartmouth, Massachusetts and at all times hereinafter referred to, was serving as a member of the crew of the F/V TRADITION.

2. The defendant, Eastern Fish Company, is a duly organized corporation existing under the laws of Massachusetts, and at all times hereinafter referred to, owned, operated and/or controlled the F/V TRADITION which did business in the Commonwealth of Massachusetts and employed the plaintiff.

**JURISDICTION**

3. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

**FACTUAL ALLEGATIONS**

4. On or about November 3, 2018 the Plaintiff was in the employ of the defendant as a seaman and deckhand of the F/V TRADITION.

5. Mr. Nilsen was working on the deck of the TRADITION when his left hand became

6. caught on a skate. The skate cut through the glove and cut into the middle finger of Mr. Nilsen's hand, causing him to come into contact with the MRSA virus.

6. The hand became swollen and red in color, and Mr. Nilsen began to experience consistently growing pain.

7. Mr. Nilsen expected that the trip would last another day or so, and that he would seek medical attention upon return.

8. The Captain decided to extend the trip for another fishing run, and during this time the area around the cut swelled to the size of a cherry tomato.

9. After three days Mr. Nilsen asked to be brought back to shore, however the Captain refused and asked Mr. Nilsen to conduct gear work.

10. When Mr. Nilsen finally returned to shore, he was admitted to St. Luke's Hospital and told that his infection was severe.

11. Mr. Nilsen was admitted to the hospital and given antibiotics, and eventually had orthopedic surgery on the hand.

12. Mr. Nilsen attempted to return to work but was unable. His doctors told him to remain out of work pending further evaluation.

## COUNT I
## JONES ACT
(Negligence)

13. Paragraphs 1-12 are realleged and incorporated herein.

14. The injuries sustained by the plaintiff were caused by the fault of the defendant, its agents, or servants as follows:

    a) Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

    b)    Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances;

    c)    Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

    d)    Failure and negligence of fellow employees;

    e)    Failure and negligence in other respects that will be shown at the trial.

15. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

16. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.  46 U.S.C App. § 30104.

## COUNT II
### GENERAL MARITIME LAW
(Unseaworthiness)

17. Paragraphs 1-16 are realleged and incorporated herein.

18. The injuries sustained by the plaintiff were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances and equipment.

19. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

20. This cause of action is brought under the General Maritime Law based upon

unseaworthiness and is for the same cause of action as Count I.

## COUNT III
### GENERAL MARITIME LAW
(Maintenance and Cure)

21. Paragraphs 1-20 are realleged and incorporated herein.

22. As a result of his injuries, the plaintiff has incurred expenses for his maintenance and cure and will continue to do so all to his damage.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiffs demand judgment against defendants, on all counts, as follows:

1. Economic and compensatory damages in amounts to be determined at trial;

2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Attorney's fees and costs of litigation;

4. Such other and further relief as the court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted
For the Plaintiff,
Nolan Nilsen,
By his Attorney,


/s/ Brian Keane
Brian Keane, BBO #656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
(617) 313-2900
bkeane@keanelawgroup.com